IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 13 2010

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2 CA-SA 2010-0058 |
| | ) | DEPARTMENT A |
| HON. MICHAEL MILLER and | ) | |
| HON. RICHARD NICHOLS, Judges of | ) | O P I N I O N |
| the Superior Court of the State of Arizona, | ) | |
| in and for the County of Pima, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ORLEANS PALOMA ESTRELLA and | ) | |
| JUAN CARLOS HOLGUIN, | ) | |
| | ) | |
| Real Parties in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause Nos. CR20090759001 and CR20090759007

JURISDICTION ACCEPTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                                Tucson
                                                            Attorneys for Petitioner


Bradley J. Armstrong                                                              Tucson
                                        Attorney for Real Party in Interest Estrella


E S P I N O S A, Judge.

¶1 In this special action, the State of Arizona seeks relief from the respondent judges' orders precluding the state from presenting voice recognition testimony at trial.[1] The question raised is whether the respondents abused their discretion in precluding the state's witness from testifying in the underlying criminal proceedings against the defendants, real-parties-in-interest herein, that, having monitored and transcribed numerous telephone conversations during a wiretap investigation, she was familiar with the defendants' voices and was able to identify them individually as the same voices recorded in subsequent law enforcement interviews and jailhouse telephone calls. For the reasons stated below, we accept special action jurisdiction and grant relief. *See* Ariz. R. P. Spec. Actions 3(c).

¶2 We accept jurisdiction of this special action because the state has no equally plain, speedy, or adequate remedy by appeal. *See* Ariz. R. P. Spec. Actions 1(a); *State v. Bejarano*, 219 Ariz. 518, ¶ 4, 200 P.3d 1015, 1017 (App. 2008) (order granting defendant's motion to preclude state's witness from testifying at trial not appealable). And, we are persuaded the issue raised here is of statewide importance and one that is likely to recur due to the state's reliance on wiretap evidence in criminal prosecutions. *See Haywood Secs., Inc. v. Ehrlich*, 214 Ariz. 114, ¶ 6, 149 P.3d 738, 739 (2007). Additionally, the issue involves a pure question of law, further supporting our acceptance of special action jurisdiction. *See State v. Nichols*, 224 Ariz. 569, ¶ 2, 233 P.3d 1148,

---

[1]Respondent Judge Nichols granted the real-parties-in-interest/defendants' initial motion to preclude the state's witness from testifying. Although the record is unclear, it appears the case then was transferred to respondent Judge Miller before the state filed its motion for reconsideration. Judges Nichols and Miller agreed that Judge Miller would preside over the motion for reconsideration.

1149 (App. 2010). As discussed below, we conclude the respondent judges abused their discretion in granting the motion to preclude the state's witness from testifying, warranting special action relief.

**Factual and Procedural History**

¶3 The relevant facts are undisputed. In January and February of 2009, Counter Narcotics Alliance[2] detectives obtained warrants authorizing wiretap interceptions of calls made from three telephone numbers. To facilitate the investigation, the detectives contracted with a monitoring service supervised by Elia Gonzalez who, over that two-month period, listened to, transcribed, and translated the telephone calls, many of which were in Spanish. The detectives subsequently requested that Gonzalez compare the voices recorded during the wiretap with known recordings of defendants Juan Carlos Holguin and Orleans Paloma Estrella, as well as Jose Tapia-Palomo.[3] In early 2010, the state determined it would call Gonzalez to testify at trial, along with detectives who had spoken with the defendants, to provide foundation testimony for various transcripts and recordings by identifying the recorded voices. To refresh her memory in preparation for her testimony, the state asked Gonzalez to compare once again the verified recordings with those obtained during the wiretap. Her identification of Holguin, Estrella, and Tapia-Palomo as the individuals whose voices had been taped during the wiretap was disclosed to the defendants, who then filed a motion to preclude

---

[2]We presume the Counter Narcotics Alliance is an interagency task force, but the record provides no further information about it.

[3]Tapia-Palomo is not a party to this special action, already having pled guilty to charged offenses.

Gonzalez from testifying at trial based on alleged suggestiveness of the identification procedure.

**¶4** The respondent judges focused on a different issue in ruling on the motion to preclude and motion for reconsideration. At the initial hearing, Judge Nichols questioned whether it was permissible for Gonzalez or any other lay witness[4] to identify a recorded voice based on familiarity with another recording. The state argued that such foundational testimony was admissible, citing Rule 901, Ariz. R. Evid., and emphasizing that Gonzalez is bilingual, had become familiar with the nuances of the voices speaking Spanish, and was able to identify the voices better than a jury, whose members may not necessarily understand Spanish. The state further argued that the alternative—playing the recordings for the jury—would be tantamount to giving different evidence to the Spanish-speaking and non-Spanish-speaking jurors. Respondent Judge Nichols suggested that testimony pursuant to Rule 901 would be limited to someone who knows the speaker and therefore is familiar with his voice, and he granted the defendants' motion to preclude Gonzalez from testifying. He further ruled that the state could play the recordings at trial and have the jury decide whether the voices on the recordings were the voices of the defendants.[5]

---

[4]Gonzalez was not proffered as an expert witness and the trial court did not make such a determination, nor was it necessary to do so. Under Rule 701, Ariz. R. Evid., a witness not testifying as an expert is entitled to testify on a matter "rationally based on [her] perception."

[5]It is unclear that the jury would have at its disposal the same resources Gonzalez used to identify the voices. The record suggests Gonzalez not only relied on her Spanish language comprehension but was able to listen to the recordings using more sophisticated technological equipment than would be available to the jury.

4

¶5	Again relying on Rule 901, the state filed a motion for reconsideration, which was heard and ruled upon by respondent Judge Miller. Although Judge Miller acknowledged that case law interpreting the analogous federal rule of evidence would permit voice identification via "voice exemplars," he nevertheless affirmed Judge Nichols's order, articulating several additional unrelated legal conclusions and factual findings. He also expressly noted that he would "not sustain any foundation objections to the playing of the tape recording[s]" as long as a law enforcement agent was available to testify that he or she previously had heard, "in person or by some other means such as telephone conversation," the recorded communications. This special action by the state followed.

## Discussion

### Mootness

¶6	At the outset, Estrella and Holguin urge us to decline jurisdiction on the ground this special action is moot. They maintain there is no longer a need for Gonzalez's foundational testimony, in light of Judge Miller's statement that he would overrule a defense objection to the admission of tapes and transcripts of the conversations so long as detectives who are familiar with the voices on the tape from personal contact with the defendants provide requisite foundational evidence. However, absent a stipulation that the voices on the wiretap recordings were the same as the voices recorded by law enforcement personnel in interviews and at the jail, the state still has the burden of proving authenticity, even if an objection to foundation is overruled. *See State v Lavers*, 168 Ariz. 376, 386, 814 P.2d 333,343, (1991) (admission of authentication testimony not

5

conclusive proof of authenticity, which is factual question for jury); *State v. Wooten*, 193 Ariz. 357, ¶ 57, 972 P.2d 993, 1004 (App. 1998) (same).  Judge Miller implicitly found that, based on the detectives' testimony alone, a jury could determine the same voices are present on the wiretap recordings as on the recorded interviews and thus concluded the state would not be prejudiced by Gonzalez's preclusion.  But the state had proffered that the detectives who interviewed the defendants did not all speak Spanish and all were not parties to the telephone calls.  Gonzalez, on the other hand, was reportedly able to understand and recognize the speakers on the Spanish language recordings and to connect them to each of the interview and jailhouse recordings.  To conclude this testimony is unnecessary confounds sufficient evidence under Rule 901 with potentially highly probative evidence the voices are the same.  *See State v. Arellano*, 213 474 Ariz. 474, n.3, 143 P. 3d 1015, 1020, n.3 (2006) (weight of evidence separate consideration from admissibility).  Accordingly, the existence of other authentication evidence is not a valid reason to bar Gonzalez's testimony.  Thus, the issue is not moot.

**Rule 901**

¶7        We therefore turn to the question whether the respondent judges abused their discretion in precluding Gonzalez from testifying.  *See State v. Tucker*, 215 Ariz. 298, ¶ 46, 160 P.3d 177, 192 (2007) (evidentiary rulings reviewed for abuse of discretion).  A trial court abuses its discretion when it commits an error of law.  *State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 639 (App. 2010).  We limit our discussion to whether Rule 901 permits the admission of foundational voice identification evidence under the circumstances of this case, a pure question of law that we review de novo, *see*

6

*id.*, and do not consider whether the identification procedures were unduly suggestive.[6] In construing the rule, we apply the same principles we would employ in interpreting a statute. *See id.*

¶8        It is well established that transcripts and recordings of telephone calls are admissible when properly authenticated. *See* Ariz. R. Evid. 901(a) (authentication or identification condition precedent to admissibility); *see also Wooten*, 193 Ariz. 357, ¶ 57, 972 P.2d at 1004 (same). "[E]xamples of authentication or identification conforming with the requirements of th[e] rule" include voice identification "whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Ariz. R. Evid. 901(b)(5). Contrary to the respondent judges' express and implied rulings, the language of the rule suggests identification may be accomplished by a witness who has not heard, in-person, the voice to be identified. *See Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d at 640 (plain language of rule "clearest reflection" of supreme court's

---

[6]Although we will uphold a trial court if it is correct for any reason supported by the record, *see State v. Childress*, 222 Ariz. 334, ¶ 9, 214 P.3d 422, 426 (App. 2009), this issue was not developed below in any meaningful way; the defendants' motion to preclude cited only non-binding authority for their arguments, and no evidence was presented. Moreover, the authority the defendants did cite all looks to the totality of circumstances to determine suggestiveness. *See Macias v. State*, 673 So.2d 176, 181 (Fla. App. 1996) (suggestiveness determined by considering reliability under totality of circumstances); *Hopkins v. State*, 721 A.2d 231, 238-39 (Md. 1998); *Com. v. Saunders*, 744 N.E.2d 74, 81 (Mass. App. 2001); *People v. Williams*, 624 N.W.2d 575, 580-81 (Mich. App. 2001); *State v. Gallagher*, 668 A.2d 55, 62-64 (N.J. App. 1995); *State v. Phinney*, 348 N.W.2d 466, 468 (S.D. 1984); *Davis v. State*, 180 S.W.3d 277, 282 (Tex. App. 2005); *Dance v. Com.*, 528 S.E.2d 723, 726 (Va. App. 2000). The respondents made no findings related to this issue and we do not address it.

intent). The defendants have not directed us to any authority suggesting otherwise, nor are we aware of any.

¶9            Based on the language of the rule, Gonzalez's identification testimony appears to be proper foundational evidence for the admission of the transcripts and recordings. *See State v. Gortarez*, 141 Ariz. 254, 262, 686 P.2d 1224, 1232 (1984) (upholding authentication testimony for recordings provided after police officer compared them to known recording); *see also United States v. Alvarez*, 860 F.2d 801, 810-11 (7th Cir. 1988) (testimony of witness who had heard only voice exemplar admissible for purposes of authentication). Gonzalez reportedly was familiar with the voices on "well over a hundred" wiretap recordings as a result of many hours listening to them as a monitor, transcriptionist, and translator. Based on this familiarity, she was proffered as being able to identify these voices as the same voices recorded during the defendants' jailhouse telephone calls and police interviews.

¶10            At the hearing on the defendants' motion to preclude Gonzalez's testimony, Judge Nichols expressed concern that if a voice identification witness's only basis for recognizing a voice is familiarity with a recording, he or she is in no better position than the jury to identify the voice, and the jury could do so by listening to the recording.[7] The

---

[7]The judges' concern appears to stem from Rule 702, Ariz. R. Evid., which pertains to the admission of expert testimony. Had the state presented Gonzalez as a witness who, by virtue of her training and expertise as an interpreter and voice monitor, is better qualified than the jury to make a voice identification, Rule 702 would apply. *See* Ariz. R. Evid. 702 (expert witness relies on "knowledge, skill, experience, training, or education" beyond that possessed by average person). But the available record suggests that Gonzalez's testimony instead would be based on her perceptions from having heard all the recordings of the defendants' voices and the familiarity she gained through hearing them over a two-month period. Accordingly, her identification based on these perceptions, as opposed to any conclusions she derived by virtue of being a monitoring

8

respondent judge thus suggested a voice recognition witness must have special familiarity with a particular voice to be permitted to testify. This, however, is not a requirement under Rule 901[8] and, even if it were, the respondent would have had no basis for concluding Gonzalez lacked such familiarity. No testimony was taken and the respondent's ruling was based solely on the arguments of counsel. But the state pointed out Gonzalez had the opportunity not just to hear the defendants' voices, but to study them carefully and at length, having spent "literally weeks['] worth of listening" in order to transcribe, translate, and review the wiretapped telephone calls. Additionally, the state proffered that, because Gonzalez speaks fluent Spanish, she became familiar with nuances and inflections in the defendants' voices that might not readily be apparent to non-Spanish-speaking-listeners who lack familiarity with the language and these particular defendants' voices. *See Gallo-Moreno*, 584 F.3d 751, 755-56 (government called Spanish translator as witness for purposes of identifying defendant); *see also United States v. Fearon-Hales*, 224 Fed. Appx. 109, 111-12 (2d Cir. 2007) (translator testified regarding comparison of voices); *United States v. Zepeda-Lopez*, 478 F.3d 1213, 1219-20 (10th Cir. 2007) (detective called to identify defendant based on recorded

---

or translation expert, would be proper lay testimony. *See* Ariz. R. Evid. 701; *see also United States v. Bush*, 405 F.3d 909, 917 (10th Cir. 2005) (undercover officer's voice identification admissible as lay testimony when officer relied on perceptions derived from in-person and recorded telephone conversations).

[8]It appears there is no authority for such a requirement under the Arizona or federal rules. Indeed, identification testimony based on a recorded voice has been accepted as an appropriate method of authentication under analogous federal Rule 901(a), Fed. R. Evid. *See United States v. Gallo-Moreno*, 584 F.3d 751, 757-58 (7th Cir. 2009) (witness's identification bolstered by hours listening to voice on recording).

telephone conversations and hearing defendant speak in court); *United States v. Ceballos*, 385 F.3d 1120, 1124 (7th Cir. 2004) (Spanish interpreter provided identification testimony); *State v. Perez*, 375 A.2d 277, 278 (N.J. Super. Ct. App. Div. 1977) (detective provided voice identification based on comparison between voice exemplar and tape of telephone conversation).

## Disposition

¶11      Because the respondent judges abused their discretion by precluding the state's witness from testifying, based on an erroneous interpretation of Rule 901, we grant the state the relief it has requested and reverse the respondents' rulings.[9]


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Presiding Judge


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

---

[9]The defendants also suggest the respondents' findings relating to Gonzalez's non-expert status and minimal prejudice to the state resulting from her preclusion are material for the purposes of this analysis.  But we have addressed those issues and further agree with the state that several of the respondents' other legal and factual conclusions are not relevant to Rule 901, nor, on this record, a basis for precluding Gonzalez's testimony.  Having already determined the respondents abused their discretion, we need not specifically address any superfluous findings.