NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY PARRINELLO, *Appellant.*

No. 1 CA-CR 14-0603
FILED 3-10-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-002192-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

---

**T H O M P S O N**, Judge:

¶1        Anthony Parrinello (defendant) appeals from his convictions and sentences for second degree murder, a class one dangerous felony, and leaving the scene of a fatal accident, a class three felony.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        On August 13, 2012, defendant and the victim got into an argument outside of their children's elementary school.  Defendant told the victim to meet him behind Walmart to finish the argument, but the victim refused and began walking home.  Defendant drove his SUV to Walmart, but when the victim did not appear he drove back toward the school.  Defendant saw the victim walking on the sidewalk and stopped his car alongside of him.  Defendant and the victim continued to argue through the passenger window, but defendant did not exit his vehicle.

¶3        Shortly after defendant and victim's confrontation, a witness found the victim lying in the middle of the street.  The victim's torso had been run over by a vehicle traveling at a low speed, and his body dragged for over forty feet.  The victim had suffered blunt force trauma throughout his body, he was unresponsive, and he later died from his injuries.

¶4        Phoenix police officers responded and arrested defendant at his workplace.  Officers searched defendant's SUV and found blood and body tissue matching the victim's on the undercarriage of the vehicle.  The front grill of defendant's car was cracked and pushed in, and portions of the grill, hood and undercarriage had been wiped clean.

¶5        A grand jury indicted defendant on one count of second degree murder (count 1) and one count of leaving the scene of a fatal

---

[1]        We view the trial evidence in the light most favorable to sustaining the jury's verdicts.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

accident (count 2). The jury found defendant guilty as charged, and found that the state had proven two aggravating circumstances. The court sentenced defendant to twenty years imprisonment for count 1, with 597 days presentence incarceration. The court suspended imposition of sentence on Count 2 and imposed a four year probation term.

¶6    Defendant filed a timely notice of appeal. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2003), and 13-4033(A)(1) (2010).

## DISCUSSION

¶7    Defendant argues that the trial court erred in admitting three recorded phone calls he made while in jail pending trial because they lacked sufficient foundation. Specifically, defendant asserts that the state failed to link the date and time of each call with its content, identify the name or number of the recipient of the calls, identify defendant's booking number, and describe the content of the call. "Whether a party has laid sufficient foundation for admission of evidence is within the sound discretion of the trial court, and we will not disturb its ruling absent a clear abuse of that discretion." *State v. George*, 206 Ariz. 436, 446, ¶ 28, 79 P.3d 1050, 1060 (App. 2003).

¶8    It is settled law that transcripts and recordings of telephone conversations are admissible when properly authenticated. *State v. Miller*, 226 Ariz. 202, ¶ 8, 245 P.3d 887, 891 (App. 2010). The requirement for authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Ariz. R. Evid. 901(a). The question for the trial court is not whether the evidence is authentic, but only whether evidence exists from which the jury could reasonably conclude that it is authentic. *State v. Lavers,* 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991). Authentication may be satisfied through voice identification "based on hearing the voice at any time under circumstances that connect it with the alleged speaker," or also by evidence "describing a process or system and showing that it produces an accurate result." Ariz. R. Evid. 901(b)(5), (9)

¶9    In this case, the custodian of records in the jail's inmate telephone records unit testified that all non-legally related inmate calls are recorded, and that she received a subpoena requesting all calls made by defendant. She identified the CDs marked as exhibits 66 and 67 as the CDs produced by her unit, containing all the jail calls made by defendant. She

testified that the CDs were in their original form because they were encrypted and could not be altered.

¶10 Similarly, a Phoenix police detective testified that the sheriff's office also prepared exhibit 69, a CD containing redacted portions of defendant's jail calls, and marked it with defendant's name and booking number. The detective testified that he previously interviewed defendant after his arrest, and recognized defendant's voice as the caller in the jail calls. The detective's personal knowledge of defendant's voice, as well as the evidence of the procedure for taping inmate calls, supplied sufficient foundation to authenticate the recordings. *See State v. Wooten*, 193 Ariz. 357, 368, ¶¶ 56–58, 972 P.2d 993, 1004 (App. 1998). That the State did not identify the recipient of the calls, link the date of each call with its content, or describe the content of the call prior to admission does not render the recorded jail calls improperly authenticated.

¶11 Defendant also asserts that the recorded jail calls were prejudicial because they were confusing to the jury by not being listed in chronological order. Because defense counsel did not object on grounds of prejudice, this argument is waived absent fundamental error. *State v. Neal*, 143 Ariz. 93, 100, 692 P.2d 272, 279 (1984) ("Absent fundamental error, if evidence is objected to on one ground in the trial court and admitted over that objection, other grounds raised for the first time on appeal are waived."). Defendant thus bears the burden of establishing that the error was fundamental and caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 568, ¶¶ 23, 26, 115 P.3d 601, 608 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984).

¶12 The admission of jail calls did not amount to fundamental error. Defendant admitted on appeal that when exhibit 69 was opened, the correct date was reflected for each call. Additionally, during closing arguments the prosecutor recited the correct order and date of each call. Defendant has not shown that the admission of the jail calls denied him a fair trial or deprived him of a right essential to his defense. Additionally, defendant has not established prejudice. The state presented overwhelming evidence to support defendant's convictions; defendant failed to show that absent the evidence of the recorded jail calls, the jury could have reached a different verdict. *State v. Trostle,* 191 Ariz. 4, 16, 951 P.2d 869, 881 (1997*).* Accordingly, we find no error, much less fundamental error.

**¶13** In sum, there was ample evidence from which the jury could reasonably conclude the CD recordings were authentic, *see Wooten*, 193 Ariz. at 368, ¶ 56, 972 P.2d at 1004, and the trial court did not abuse its discretion in admitting them. Consequently, we find no reversible error.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama