NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LAMAR VALDEN SIMMONS, *Petitioner.*

No. 1 CA-CR 13-0677 PRPC
FILED 4-21-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 1987-001119
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lamar Valden Simmons, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**T H O M P S O N, Judge**:

¶1          Lamar Valden Simmons petitions for review of the dismissal of his fifth post-conviction relief proceeding commenced pursuant to Rule 32, Ariz. R. Crim. P.  We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2          In 1987, Simmons plead guilty, pursuant to a plea agreement, to two counts of first degree burglary, two counts of sexual assault, and one count of aggravated assault.  The trial court sentenced Simmons to concurrent and consecutive prison terms totaling forty-two years.

¶3          The trial court has previously dismissed post-conviction relief proceedings commenced by Simmons in 1993, 2009, 2011, and 2013.  In his most recent notice of post-conviction relief, Simmons alleged a claim of ineffective assistance of counsel and implicitly asserted that his claim, although untimely, was permissible because the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), constitute significant changes in the law.  Noting that the notice was both successive and untimely and finding that the decisions cited by Simmons did not constitute significant changes in the law that would entitle him to relief, the trial court summarily dismissed the notice.  This petition for review followed.

¶4          We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).  We may uphold the trial court's ruling on any basis supported by the record.  *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

¶5          Simmons argues that the trial court erred by dismissing his notice before he filed his petition for post-conviction relief.  The trial court is authorized to summarily dismiss an untimely or successive notice of post-conviction relief when the notice fails to raise a claim under Rules 32.1(d), (e), (f), (g), and (h).  Ariz. R. Crim. P. 32.2(b).  There was no error by the trial court in dismissing the notice filed by Simmons because a claim of ineffective assistance of counsel does not fall within any of the exceptions to dismissal under Rule 32.2(b) and Simmons failed to raise a claim of significant change in the law that would entitle him to relief.  *See* Ariz. R. Crim. P. 32.1(g), 32.4(a) (claim of significant change in law can be raised in untimely notice for post-conviction relief); *State v. Petty*, 225 Ariz. 369, 373, ¶ 11, 238 P.3d 637, 641 (App. 2010) (claim of ineffective assistance of counsel, standing alone, grounded in Rule 32.1(a)).

**¶6**　　　　　In *Frye*, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. 132 S. Ct. at 1407–1408. *Frye*, however, does not constitute a significant change in the law as applied in Arizona. This state has long recognized that the right to effective assistance of counsel extends to the plea bargain process. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14, 10 P.3d 1193, 1200 (App. 2000). Although *Donald* was decided after Simmons pled guilty, Simmons could have raised any issue of ineffective assistance of counsel regarding his plea bargain or sentencing years ago. Any claim Simmons could have raised in a previous post-conviction relief proceeding is precluded. *See* Ariz. R. Crim. P. 32.2(a); *see also* Ariz. R. Crim. P. 32.2(c) ("[A]ny court on review of the record may determine and hold that an issue is precluded. . . .").

**¶7**　　　　　In *Martinez*, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. This simply means Simmons can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings. *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 5-6, 307 P.3d 1013, 1014 (App. 2013).

¶8        Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama