IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                )        2 CA-CR 2010-0018-PR
                                     )        DEPARTMENT A
                    Respondent,      )
                                     )        O P I N I O N
        v.                           )
                                     )
JAMES N. PETTY,                      )
                                     )
                    Petitioner.      )
                                     )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20074550

Honorable John S. Leonardo, Judge

REVIEW GRANTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                              Tucson
                                                  Attorneys for Respondent

Isabel G. Garcia, Pima County Legal Defender
  By Joy Athena                                                 Tucson
                                                  Attorneys for Petitioner

E S P I N O S A, Judge.

**¶1**         Petitioner James Petty seeks review of the trial court's order summarily dismissing his successive notice of post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  For the reasons stated below, we grant his petition for review and grant relief.

**Factual and Procedural Background**

¶2        Petty was convicted of theft by control or misrepresentation pursuant to a plea agreement entered in May 2009. The trial court sentenced him to a partially aggravated prison term of five years. By pleading guilty, he waived the right to a direct appeal to this court from his conviction and sentence. *See* A.R.S. § 13-4033(B) (defendant may not appeal from judgment or sentence entered pursuant to plea agreement or admission of probation violation); *see also* Ariz. R. Crim. P. 17.1(e) (among rights waived by defendant who pleads guilty or no contest is "right to have the appellate courts review the proceedings by way of direct appeal, and [defendant] may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review"). A pleading defendant's only means of obtaining review is pursuant to Rule 32, in a proceeding "known as a Rule 32 of-right proceeding." Ariz. R. Crim. P. 32.1.

¶3        Petty filed his of-right notice and petition, and the trial court granted partial relief on November 13, 2009. Within the thirty-day period prescribed by Rule 32.4(a), Petty then filed a second notice of post-conviction relief. The notice was prepared by the same attorney who had represented Petty in his of-right proceeding, and she had checked a space on the notice next to the following paragraph:

> Defendant is entitled to the effective assistance of counsel in first Rule 32 of-right proceedings. The Legal Defender's Office represented defendant in his Rule 32 of right, and therefore, the Legal Defender's Office cannot evaluate its own effectiveness under the conflict rules. It is requested that the court appoint counsel outside the Legal Defender's Office.

The notice did not otherwise identify any claims Petty intended to raise in the successive proceeding.

**¶4** In a minute entry order filed on December 14, 2009, the trial court dismissed the notice. It correctly observed that Rule 32.2(a)(3) precludes a defendant from seeking relief in a successive petition for post-conviction relief on any ground "'[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.'" The court added, also correctly, that claims under Rule 32.1(d), (e), (f), (g), or (h) may be raised in a successive post-conviction proceeding and are excepted by Rule 32.2(b) from the preclusive effect of Rule 32.2(a)(3). As the court further noted, Rule 32.2(b) provides that, when a defendant files an untimely or successive notice of post-conviction relief and intends to raise a claim under Rule 32.1(d), (e), (f), (g), or (h), the notice

> must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Finding the "specific exception and meritorious reasons for not raising the claim in the previous petition are not apparent from the notice," the court dismissed Petty's second notice.

**¶5** Petty subsequently moved for reconsideration, asserting only that because the petition was timely, it should not have been dismissed. In denying the motion, the trial court acknowledged Petty's second notice had been timely filed but explained it had dismissed it because this was a successive proceeding and the notice "failed to meet the

3

requirements of Rule 32.2(b)." We have jurisdiction over Petty's petition for review pursuant to A.R.S. § 13-4239(C); *see also* Ariz. R. Crim. P. 32.9(c).

## Discussion

**¶6** In his petition for review, Petty contends the trial court incorrectly interpreted Rules 32.4 and 32.2 as applied to a pleading defendant, depriving him of the opportunity to assert in a successive post-conviction proceeding a claim of ineffective assistance of counsel in his of-right post-conviction proceeding. And, he contends, his notice of post-conviction relief was sufficient to withstand summary dismissal.

**¶7** We will not disturb the trial court's ruling in a post-conviction proceeding absent an abuse of its discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Committing an error of law constitutes an abuse of discretion. *State v. Cowles*, 207 Ariz. 8, ¶ 3, 82 P.3d 369, 370 (App. 2004). And the interpretation of rules is a question of law, which we review de novo. *State v. Campoy*, 220 Ariz. 539, ¶ 11, 207 P.3d 792, 797 (App. 2009). In interpreting rules, we apply the same principles we use in interpreting statutes. *Id*. To determine and give effect to our supreme court's intent in promulgating a rule, we look first to its language as the clearest reflection of that intent. *Id*.

**¶8** Relying on *Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614, *supp op.*, 182 Ariz. 118, 893 P.2d 1281 (1995), and *State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995), Petty contends on review that, because the first of-right proceeding is "equivalent to a direct appeal" for a pleading defendant, such a defendant is entitled to raise in a successive post-conviction proceeding the claim that Rule 32 counsel in the first

4

proceeding was ineffective.[1]  He argues that, because he "may raise a claim of ineffective assistance of counsel under Rule 32.1(a)" in the second proceeding, the requirements of Rule 32.2(b) are "irrelevant."  Petty asserts that some of-right petitioners will not have a claim to raise under Rule 32.1(d), (e), (f), (g), or (h) at all and therefore should not be required to set forth in the second notice the nature of those nonexistent claims and why they were not raised in the first proceeding.  He further contends that of-right petitioners cannot be limited, in a successive petition, to claims under these subsections because they have the right to raise a claim of ineffective assistance by of-right Rule 32 counsel.  And, he argues, the rule does not require the notice to contain the language required by Rule 32.2(b) when the proposed claim falls within any other subsection.  Upon this court's order directing the state to respond to the petition for review, the state conceded the trial court's summary dismissal was erroneous.[2]

---

[1]Rule 32.1 suggests that the first such proceeding is the of-right proceeding.  But Rule 32.4(a), which prescribes the time for filing a notice of post-conviction relief, suggests that a successive notice filed by a pleading defendant also is considered part of the of-right proceeding, which is how Petty characterizes that subsequent proceeding.  It states:  "In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."  Thus, Rule 32.4(a) appears to anticipate a successive post-conviction proceeding for pleading defendants.  But whether the two provisions create an ambiguity in this regard is not material and does not affect the outcome of this case; therefore, we need not address or resolve any such ambiguity here.

[2]Petty alternatively contends that, even if the trial court were correct that an of-right petitioner must comply with Rule 32.2(b) when filing a successive notice, he "should be given the opportunity to either refile his notice or file an amendment to his notice at the same time as his petition."  Because we grant relief on different grounds, we need not reach this issue.

**¶9** Petty is correct that, for a pleading defendant, Rule 32 is "the only means available for exercising the [defendant's] constitutional right to appellate review." *Montgomery*, 181 Ariz. at 258, 889 P.2d at 616. "Therefore, a pleading defendant such as [Petty] is constitutionally entitled to the effective assistance of counsel on his first [of-right] petition for post-conviction relief, the counterpart of a direct appeal." *Pruett*, 185 Ariz. at 131, 912 P.2d at 1360. The pleading defendant "must be afforded an opportunity to assert a claim regarding the effectiveness of the attorney representing him [in] the first petition for post-conviction relief, . . . [and] the obvious method is by means of a second petition." *Id.*; *cf. State v. Bennett*, 213 Ariz. 562, ¶ 16, 146 P.3d 63, 67 (2006) (nonpleading defendant's claim of ineffective assistance of appellate counsel not waived when appeal and first Rule 32 proceeding filed by same attorney).

**¶10** Rule 32.2(a) states the general rule of preclusion: a defendant may not seek relief based on a ground that could have been raised on appeal or in a motion pursuant to Rule 24, Ariz. R. Crim. P.; that was adjudicated on the merits on appeal or in any collateral proceeding; or that was waived by the defendant's failure to raise the ground at trial, on appeal, or in any collateral proceeding. Rule 32.2(b), which applies to both successive and untimely notices, provides that the rule of preclusion stated in subsection (a) does not apply to claims cognizable under subsections (d), (e), (f), (g), or (h) of Rule 32.1, and it requires a defendant seeking to raise such a claim in a successive or untimely

proceeding to identify the claim and explain why it was not timely raised or not raised in a previous petition.[3]

¶11 Because Petty had filed a previous Rule 32 petition and the notice here was his second, Rule 32.2(b) would have applied had Petty's notice identified a claim falling under Rule 32.1(d), (e), (f), (g), or (h). But it appears Petty's only proposed claim is one of ineffective assistance of counsel pursuant to Rule 32.1(a). A claim of ineffective assistance of Rule 32 of-right counsel does not fall within Rule 32.1(d), (e), (f), (g), or (h). Rather, implicating the Sixth Amendment, the claim is cognizable under Rule 32.1(a), which applies if "[t]he conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona." *State v. Robbins*, 166 Ariz. 531, 533, 803 P.2d 942, 944 (App. 1991); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (acknowledging claims of ineffectiveness of counsel fall under this subsection). Although a claim under Rule 32.1(a) is not exempted from the preclusive effect of Rule 32.2(a)(3), that does not mean the claim is necessarily precluded when raised for the first time in a successive post-conviction proceeding. The "purpose of the preclusion rule" is to "require[] a defendant to raise all known claims for relief in a single petition to the trial court, thereby avoiding piecemeal litigation and fostering judicial efficiency." *State v. Rosales*, 205 Ariz. 86, ¶ 12, 66 P.3d 1263, 1267 (App. 2003). "The preclusion rules exist

---

[3]Rule 32.4 sets forth time limits and other matters relating to the commencement of initial and successive post-conviction proceedings and, like Rule 32.2(b), provides that, when a defendant files an untimely notice, the defendant may raise claims only under Rule 32.1(d), (e), (f), (g), or (h). Because Petty's successive notice of post-conviction relief was timely, however, Rule 32.4(a) is not implicated here, as the trial court correctly found.

7

to prevent multiple post-conviction reviews, not to prevent review entirely." *Id.* By its very nature, a claim that Rule 32 counsel was ineffective in a pleading defendant's first of-right post-conviction proceeding is not a known claim that could have "been waived . . . in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3).

¶12　　　Based on the trial court's orders dismissing the notice and denying the motion for rehearing, the court appears to have examined only whether Petty's notice had identified nonprecluded claims falling within subsections (d) through (h) of Rule 32.1 and whether the notice contained the language required by Rule 32.2(b). However, by virtue of the checked paragraph indicating that separate counsel was needed to evaluate the effectiveness of counsel in the first Rule 32 proceeding, the notice sufficiently apprised the court of Petty's intent to pursue a claim falling under Rule 32.1(a)—the nonprecluded claim of ineffective assistance of his first Rule 32 counsel.[4]

¶13　　　In *Rosales*, the defendant had checked a similar paragraph that pertained to direct appeals. The trial court nevertheless had dismissed the notice, finding that merely evaluating whether counsel had been ineffective, "without specific facts alleged, is not a recognized ground [for relief under Rule 32]." 205 Ariz. 86, ¶ 4, 66 P.3d at 1265. This court found the allegation had been made by appellate counsel, who was asking that a different attorney be appointed to investigate whether a claim of ineffective assistance of

---

[4]It appears neither Petty nor the trial court focused on the implications of Petty's checking a particular box on the petition. Rather, litigation below was limited to the issue of timeliness; Petty's assertions specific to an ineffectiveness claim were raised for the first time before this court. Although the trial court's failure to perceive the full scope of Petty's petition was understandable under the circumstances, we nevertheless grant relief because Petty was, in fact, entitled to review.

appellate counsel existed in order "to avoid any potential conflict of interest." *Id.* ¶ 9. As we noted, an attorney cannot evaluate his or her own effectiveness. *Id.*; *see also Bennett*, 213 Ariz. 562, ¶ 4, 146 P.3d at 67; *State v. Robles*, 135 Ariz. 92, 95-96, 659 P.2d 645, 648-49 (1983). Thus we concluded there were "no fatal flaws on the face of petitioner's notice of post-conviction relief." *Rosales*, 205 Ariz. 86, ¶ 10, 66 P.3d at 1266.

**¶14** We reach a similar conclusion here. Petty asked for the appointment of different counsel to evaluate whether he might have a claim of ineffective assistance of his previous, of-right counsel that he could raise in the subsequent proceeding. This was sufficient to avoid a summary dismissal of his notice.

**Disposition**

**¶15** For the reasons stated, we grant Petty's petition for review and grant relief. We remand the matter to the trial court for further proceedings consistent with this opinion.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge