NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

PAUL ANTHONY ROBLEDO, *Petitioner*.

No. 1 CA-CR 13-0615 PRPC

FILED 2-5-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-110121-001
The Honorable Phemonia L. Miller, Judge Pro Tem

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Paul Anthony Robledo, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

---

**N O R R I S**, Judge:

**¶1**        Petitioner Paul Anthony Robledo petitions this court for review of the superior court's dismissal of his notice of petition for post-conviction relief.  We have considered his petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**        Robledo pled guilty to attempted first degree murder and the trial court sentenced him to 21 years in prison.  Robledo now seeks review of the summary dismissal of his second notice of post-conviction relief.[1]

**¶3**        Robledo argues he was entitled to raise various claims of ineffective assistance of counsel in his successive notice of post-conviction relief based on the Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), both of which Robledo also argues constitute significant changes in the law.  In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process.  *Frye*, ___ U.S. at ___, 132 S. Ct. at 1407-08; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384.  In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant.  *Frye*, ___ U.S. at ___, 132 S. Ct. at 1408.

**¶4**        Because *Frye* and *Lafler* are not significant changes in the law as applied in Arizona, we deny relief.  Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain process, and that counsel must adequately communicate all plea offers to the

---

[1]We will not disturb the superior court's ruling in a post-conviction relief proceeding absent an abuse of discretion. *State v. Petty*, 225 Ariz. 369, 371, ¶ 7, 238 P.3d 637, 639 (App. 2010).

defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14, 10 P.3d 1193, 1200 (App. 2000). Robledo could have raised his claims of ineffective assistance of counsel in his first post-conviction relief proceeding, and none of the exceptions under Arizona Rule of Criminal Procedure 32.2(b) apply.

**¶5**        Accordingly, we grant review, but deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama