NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL HOYOS, *Petitioner*.

No. 1 CA-CR 13-0789 PRPC

FILED 5-28-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2011-108571-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Daniel Hoyos, Florence
*Pro Se Petitioner*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

¶1 Daniel Hoyos petitions for review of the summary dismissal of his second post-conviction proceeding commenced pursuant to Rule 32, Ariz. R. Crim. P. We have considered his petition and, for the following reasons, grant review but deny relief.

¶2 Hoyos pled guilty to three counts of attempted sexual conduct with a minor, each a class 3 felony and dangerous crime against children. The trial court sentenced him on May 31, 2012, to a mitigated nine-year prison term to be followed by lifetime probation.

¶3 Hoyos filed a timely notice of post-conviction relief in which he indicated intent to raise claims of ineffective assistance of counsel and actual innocence. Appointed counsel was unable to find any claims to raise in a Rule 32 post-conviction proceeding, and the trial court granted Hoyos forty-five days to file a *pro se* petition. When Hoyos failed to file a petition within one month after the deadline, the trial court dismissed the post-conviction proceeding on April 2, 2013.

¶4 On September 24, 2013, Hoyos filed a second notice of post-conviction relief in which he indicated intent to raise a variety of claims, including breach of plea agreement, illegal sentence, improper judicial participation in plea bargaining, ineffective assistance of trial and appellate counsel, newly discovered evidence, and request for relief under a new DNA statute. Noting the notice was both successive and untimely, the trial court summarily dismissed the proceeding, ruling that Hoyos was precluded from raising certain of the claims in the untimely and successive proceeding and that he failed to state a colorable claim for relief with respect to the non-precluded claims. Hoyos filed a timely petition for review.

¶5 On review, Hoyos argues the trial court erred in dismissing the post-conviction relief proceeding in regard to his claims of ineffective assistance of trial and appellate counsel. The notice of post-conviction relief filed by Hoyos in September 2013 is untimely because it was filed more than eighteen months after his sentencing and more than five months after the conclusion of his first post-conviction relief proceeding. *See* Ariz. R. Crim. P. 32.4(a) (establishing time deadlines for filing notice of post-conviction relief). "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13, 203 P.3d 1175, 1178 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions). Claims of

ineffective assistance of counsel do not fall within Rule 32.1(d), (e), (f), (g), or (h) because they are "cognizable under Rule 32.1(a)." *State v. Petty*, 225 Ariz. 369, 373, ¶ 11, 238 P.3d 637, 641 (App. 2010). Thus, the trial court correctly ruled that Hoyos was precluded from raising claims of ineffective assistance of counsel in the untimely post-conviction relief proceeding.

**¶6**   Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama