NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LAMARK ANTWON RICHARDSON, *Petitioner.*

No. 1 CA-CR 14-0481 PRPC
FILED 8-4-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2003-005169-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lamark Antwon Richardson, Florence
*Petitioner*

_____

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Chief Judge Michael J. Brown joined.

_____

**J O N E S**, Judge:

**¶1**      Lamark Antwon Richardson petitions for review of the superior court's summary dismissal of his "motion for reconsideration of plea agreement," which the court treated as a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.1.  We have considered his petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Richardson pled guilty to first-degree murder and armed robbery.  On February 9, 2005, the superior court sentenced Richardson to a mitigated seven-year prison term for armed robbery and a consecutive life term without the possibility of release for twenty-five years for murder.  At sentencing, Richardson signed and was provided with a notice of rights of review after conviction, which stated that a notice of post-conviction relief had to be filed within ninety days of entry of judgment and sentencing.

**¶3**      On February 25, 2014, more than nine years after entry of judgment and sentencing, Richardson filed a "motion for reconsideration of plea agreement," alleging his convictions and sentences were obtained in violation of his constitutional rights.  Specifically, he claimed he did not knowingly enter into the plea agreement, his Eighth and Fourteenth Amendment rights were violated, and he received ineffective assistance of counsel.  The superior court properly treated the motion as a notice of post-conviction relief, *see* Ariz. R. Crim. P. 32.3, and summarily dismissed it, finding the claims to be precluded.  This petition for review followed.  We have jurisdiction pursuant to Arizona Revised Statutes section 12-120.21(A)(1) (2016) and Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

**¶4**       On review, Richardson asserts the same claims he raised in his motion for reconsideration of the plea agreement. We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *See State v. Kolman*, 239 Ariz. 157, 161, ¶ 9 (2016).

**¶5**       Generally, a notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence. Ariz. R. Crim. P. 32.4(a). "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." Ariz. R. Crim. P. 32.4(a); *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions). Richardson's claims of an unconstitutional guilty plea and sentences and ineffective assistance of counsel do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are cognizable under Rule 32.1(a) (authorizing a petition for post-conviction relief on the basis that "[t]he conviction or the sentence was in violation of the Constitution of the United States or the State of Arizona."); *see State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010) (holding that a claim for ineffectiveness of counsel implicates the Sixth Amendment and is therefore encompassed within Rule 32.1(a)). Thus, Richardson may not raise these claims in this untimely proceeding.

**¶6**       Because "compliance with Rule 32 is not a mere formality," and a petitioner must "strictly comply" with the rule to obtain relief, *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005), the superior court did not err in summarily dismissing the proceeding.

## CONCLUSION

**¶7**       We grant review of Richardson's petition for review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA