NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STANLEY EDWARD WRIGHT, *Petitioner*.

No. 1 CA-CR 14-0599 PRPC
FILED 8-30-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-007843-001
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Stanley Edward Wright, Buckeye
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A, Judge**:

**¶1** Petitioner Stanley Edward Wright seeks review of the superior court's order denying his second notice of post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2016).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Wright has shown no such error, this court grants review but denies relief.

**¶2** A jury convicted Wright of sale of dangerous drugs and, in August 2013, he was sentenced to a mitigated 14-year prison term. In February 2014, Wright filed a notice of post-conviction relief indicating an intent to file an out-of-time appeal. The superior court summarily dismissed the notice, finding Wright failed to provide sufficient factual basis to support the claim. *See* Ariz. R. Crim. P. 32.2(b). Wright did not seek review of that dismissal.

**¶3** In July 2014, Wright filed a second notice of post-conviction relief, which the superior court construed as stating an intent to raise a claim under Rule 32.1(f) that the failure to file a timely notice of post-conviction relief was without fault on his part. The court found the second notice untimely and successive and, noting that Wright was not entitled to a proceeding for post-conviction relief "of right," summarily dismissed the notice because Wright failed to state a claim upon which relief could be granted in an untimely Rule 32 proceeding. This petition for review followed.

**¶4** Wright argues the superior court erred in ruling he failed to state a claim for relief that could be raised in an untimely proceeding. The court construed Wright's second notice of post-conviction relief as seeking

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

to raise a claim that the failure to file a timely notice of post-conviction relief was without fault on his part. Such an interpretation is understandable as Wright concluded the statement of facts supporting his claim as follows: "As such, the failure to file a notice of post-conviction relief within 90 days of the superior court's judgment was without fault on the petitioner's part." In his petition for review, however, Wright frames his claim as one of ineffective assistance of trial counsel for incorrectly informing him that his notice of appeal would go through automatically.

¶5        Under the superior court's interpretation, summary dismissal was proper. Wright was convicted following a jury trial. Consequently, he was not entitled to relief under Rule 32.1(f), which authorizes a claim that "defendant's failure to file a notice of post-conviction relief of-right or notice of appeal was without fault on his part," because, as a non-pleading defendant, his Rule 32 proceeding was not "of right." *See* Ariz. R. Crim. P. 32.1 (defining "Rule 32 of right proceeding" as involving person "who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest").

¶6        Even assuming Wright's notice claimed ineffective assistance of trial counsel, Wright is not entitled to relief. The notice was both untimely and successive. "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." Ariz. R. Crim. P. 32.4(a). Wright's claim of ineffective assistance of trial counsel does not fall within Rule 32.1(d), (e), (f), (g) or (h) because it is cognizable under Rule 32.1(a). *State v. Petty*, 225 Ariz. 369, 372 ¶ 10 (App. 2010); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (noting claims of ineffectiveness of counsel and violations of other constitutional rights fall under this subsection). Accordingly, Wright may not raise such a claim in an untimely proceeding. Ariz. R. Crim. P. 32.4(a).

¶7        Nor can the claim for relief be saved by construing it as a claim under Rule 32.1(f) that Wright's failure to file a timely notice of appeal was without fault on his part. While such a claim is not necessarily precluded from being raised in an untimely or successive post-conviction proceeding, Wright previously raised this claim in his first post-conviction proceeding. A defendant is precluded from raising a claim that was or could have been raised in a previous post-conviction proceeding. Ariz. R. Crim. P. 32.2(a); *State v. Shrum*, 220 Ariz. 115, 118 ¶ 12 (2009). Thus, regardless of the precise nature of the claim sought to be raised by Wright, superior court properly dismissed his second notice of post-conviction relief. *See also State v. Robinson*, 153 Ariz. 191, 199 (1987) (noting this court may affirm superior court's ruling "on any basis supported by the record").

¶8　　　　For the foregoing reasons, although this court grants review, relief is denied.



Amy M. Wood • Clerk of the court
FILED:　AA