NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

GABRIEL ALDEN FIGUEROA, *Petitioner.*

No. 1 CA-CR 15-0378 PRPC
FILED 5-9-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-170921-002
The Honorable Lisa Daniel Flores, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gabriel Alden Figueroa, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1 Gabriel Figueroa petitions this Court for review of the trial court's dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

¶2 The State charged Figueroa with one count each of possession of marijuana for sale, possession of drug paraphernalia, possession or use of narcotic drugs, and threatening or intimidating. Figueroa pled guilty to an amended charge of possession of marijuana for sale with one prior felony conviction in return for the dismissal of all other charges and the State's agreement not to charge Figueroa with a sexual conduct with a minor offense in another criminal matter. Within the plea agreement, Figueroa agreed he would be sentenced to a prison term between ten and twenty-three years. The trial court subsequently sentenced Figueroa to fifteen years' imprisonment.

¶3 Figueroa filed an "of-right" notice for post-conviction relief and appointed counsel informed the trial court that, after reviewing the record and discussing matters with Figueroa, he was unable to discern any colorable claim for post-conviction relief. *See* Ariz. R. Crim. P. 32.4(c)(2). Figueroa proceeded *in propria persona* and filed a Rule 32 petition, arguing, among other things, that he received ineffective assistance of trial counsel (IAC) based on counsel's failure to seek suppression of certain evidence. The trial court determined Figueroa failed to state any colorable claims and summarily dismissed the petition. *See* Ariz. R. Crim. P. 32.6(c). Figueroa did not seek review, but instead, filed a second petition for post-conviction relief, again raising specific claims of IAC. The court summarily dismissed the second petition, and this timely petition for review followed.

¶4 "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). No abuse of discretion occurred. Pursuant to Rule 32.2(a), Figueroa was precluded from relief because the

claims raised in his successive petition for post-conviction relief either were, or should have been, raised in his first Rule 32 proceeding. None of the exceptions in Rule 32.2(b) apply. *See State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010) (holding that a claim for ineffectiveness of counsel implicates the Sixth Amendment and is therefore encompassed within Rule 32.1(a)).

**¶5**         Accordingly, we grant review and deny relief.

