NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

LORENZO ANTONIO VENTURA, SR., *Petitioner*.

No. 1 CA-CR 16-0562 PRPC
FILED 7-20-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2014-002012-019
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lorenzo Antonio Ventura, Sr., Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris[1] joined.

---

C A M P B E L L, Judge:

¶1        Lorenzo Antonio Ventura, Sr., petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review, and grant review but deny relief.

¶2        Ventura pled guilty to illegal control of an enterprise, conspiracy to possess marijuana for sale, and misconduct involving weapons. Ventura stipulated to a "slightly aggravated term of 4 years" on the illegal control of an enterprise offense charge with two aggravating circumstances—that he committed the offense for pecuniary gain and with accomplices. He also stipulated to probation for conspiracy to possess marijuana for sale and misconduct involving weapons. In October 2014, the superior court accepted the plea agreement and sentenced Ventura accordingly.

¶3        In April 2016, Ventura filed an untimely notice of post-conviction relief ("PCR") and a supporting petition. *See* Ariz. R. Crim. P. 32.4(a) ("Any notice [of post-conviction relief] not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).") He alleged, in part, he pled guilty because defense counsel promised that he would be released to U.S. Immigration and Customs Enforcement after serving one-half of his sentence pursuant to former Arizona Revised Statutes section 41-1604.14. 2016 Ariz. Sess. Laws, ch. 89, § 1 (repealed 2016). He asserted his appeal, while untimely, should be considered because he was being held beyond the expiration of his sentence, *see* Ariz. R. Crim. P. 32.1(d), and he was not at fault in the late filing of his petition, *see* Ariz. R. Crim. P. 32.1(f). In June 2016, the superior court summarily dismissed his petition as untimely and thereby precluded. The court also found that even if his petition was not time barred, Ventura was not entitled to relief because he had not stated a

---

[1]        The Honorable Patricia K. Norris, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

basis for relief under Rule 32.1(d) or (f). Ventura did not petition this court for review.

¶4        Ventura filed a successive notice of PCR, an "Affidavit," and a pleading "To Amend Petition for Post-Conviction Relief and Reconsider." He alleged: (1) he had newly discovered evidence that defense counsel had not informed him of a more favorable plea offer; (2) his trial counsel had been ineffective because she had promised he would only serve half of his sentence; and (3) the superior court had improperly aggravated his sentence because he had not stipulated to any aggravating circumstances in the plea agreement.

¶5        In July 2016, the superior court summarily dismissed his second petition. The superior court found Ventura failed to state a factual or legal basis for relief based on newly discovered evidence, *see* Ariz. R. Crim. P. 32.1(e), noting Ventura had inconsistently claimed he was both advised of the more favorable plea offer before he accepted the October plea agreement, and that he had only recently learned of the more favorable plea offer. The superior court additionally found that his ineffective assistance of counsel claim, and improper aggravated sentence claim pursuant to Rule 32.1(a) and (c), were precluded as untimely and successive.

¶6        Ventura subsequently filed a petition for review with this court, seeking review of the June 2016 and July 2016 summary dismissals. His petition for review of the June 2016 order of dismissal is untimely and not properly before this court. *See* Ariz. R. Crim. P. 32.9(c) (petition for review must be filed within 30 days of the superior court's final decision). Therefore, the only ruling properly before this court is the superior court's July 2016 order of dismissal.[2]

¶7        The superior court clearly identified and correctly ruled upon the issues raised, and Ventura has failed to show on review the superior court abused its discretion. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012) (appellate court reviews denial of petition for post-conviction relief for abuse of discretion) (citation omitted). First, as the superior court found, Ventura presented conflicting statements as to whether he knew about the alleged more favorable plea offer before he accepted the October plea agreement. *See State v. Sanchez*, 200 Ariz. 163, 166–67, ¶ 11 (App. 2001) (newly discovered evidence is evidence that existed at time of trial, but not discovered until after trial). Second, we agree Ventura's ineffective

---

2        For reasons not apparent in the record, the trial court reissued this minute entry on August 8, 2016.

assistance of counsel claim and improper aggravated sentence claim are precluded. *See* Ariz. R. Crim. P. 32.4(a); *State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010).

¶8        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA