NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS STEWART, JR., *Petitioner*.

No. 1 CA-CR 16-0585 PRPC
FILED 8-1-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2002-020994
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Thomas Stewart, Jr., San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

**¶1** Thomas Stewart, Jr. petitions this court for review of the dismissal of his seventh petition for post-conviction relief proceeding. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** The factual and procedural history is set forth in this court's memorandum decision issued on direct appeal and need not be repeated here. *See State v. Stewart*, 1 CA-CR 04-0240, 1 CA-CR 04-0359 (Ariz. App. Aug. 2, 2005) (consol. mem. decision). *See also State v. Stewart*, 2 CA-CR 2017-0163-PR, 2017 WL 2806856 (Ariz. App. June 29, 2017) (mem. decision).

**¶3** Approximately thirteen years after his convictions and sentences, Stewart commenced successive post-conviction relief ("PCR") proceedings by filing several pleadings, including a motion to supplement his PCR petition with a request for deoxyribonucleic acid ("DNA") testing.[1] Although Stewart mostly resurrected claims from previous proceedings, he also requested that the court order DNA testing of two human hairs recovered from his vehicle.

**¶4** The superior court treated the pleadings as a single petition for DNA testing pursuant to Rule 32.12, and ordered the State to respond. After the State responded, the superior court summarily dismissed all claims. Stewart filed a motion for rehearing, but the motion was denied. This petition for review followed.

**¶5** "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007). Stewart has not sustained his burden of establishing such abuse here.

---

[1] Stewart did not directly provide reasons for waiting approximately thirteen years, one appeal, and six post-conviction relief proceedings before presenting his DNA claim. *Cf.* Ariz. R. Crim. P. ("Rule") 32.2(b) (stating that a petitioner who files a successive notice of post-conviction relief must state in the notice "meritorious reasons . . . substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner"); *see also State v. Petty*, 225 Ariz. 369, 371, ¶ 4, 238 P.3d 637, 639 (App. 2010) (quoting Rule 32.2(b)).

¶6 Stewart argues that this court erroneously decided his case on direct appeal. He also argues that his various claims of ineffective assistance of counsel and prosecutorial misconduct are of such "constitutional magnitude" that they have not been waived and he is entitled to relief. Finally, he argues that the superior court denied his request for DNA testing because the prosecutor is "related to an Arizona judge."[2]

¶7 We address Stewart's last argument first. In his motion for rehearing, Stewart argued the superior court had disregarded his DNA claim and queried, "[I]s it because Ms. Astrowsky's [the prosecutor's] father is also a judge?" The superior court noted:

> Finally, a word regarding defendant's suggestion that the Court may be ruling "because Ms. Astrowsky's father is also a judge." *See* Motion at p. 11. This comment originally took the Court by surprise, and led it to investigate whether Judge Astrowsky's family was a victim in the underlying case. The Court finally realized that the attorney who responded to the Motion for Post-Conviction DNA Testing was Adena Astrowsky. Given her bar number (as set forth on the response), the Court suspects she is Judge Astrowsky's wife or sibling (Judge Astrowsky isn't old enough to have a daughter with a bar number in the 18,000 range). But that's just a guess; if this judge ever met her it was so fleeting that I don't recall, and her authorship of the brief had nothing to do with this ruling, much less previous rulings.

¶8 Stewart fails to support his claim that the superior court had an "irreconcilable conflict" with any facts or relevant law, and we do not find the superior court's explanation and ruling on this claim to be an abuse of discretion.

¶9 Stewart's claim that this court erred when it decided his case on direct appeal is not cognizable under Rule 32.1 and, in any event, was not raised below. Therefore, even if cognizable, we would not consider the

---

[2] Stewart also improperly attempts to incorporate by reference other issues presented in pleadings filed in the superior court. We do not consider these other issues. It is not enough to incorporate by reference any issue or argument; instead, a petitioner must set forth the claim with record references and argument. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).

claim. Issues not first presented to the superior court may not be presented in the petition for review. *See Bortz*, 169 Ariz. at 577-78, 821 P.2d at 238-39; Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶10 Stewart also fails to show an abuse of discretion by the superior court in dismissing the remaining claims. As to these claims, the superior court dismissed the proceeding in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). Therefore, we adopt the superior court's ruling as to these claims.

¶11 Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4