NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CAMERON RAY BRAXTON, *Petitioner*.

No. 1 CA-CR 16-0249 PRPC
FILED 8-3-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-115945-001
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Law Office of Marci A. Kratter, PC, Phoenix
By Marci A. Kratter
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

J O H N S E N, Judge:

¶1        Cameron Ray Braxton petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Braxton of first-degree murder, attempted armed robbery and burglary in the first degree, and he was sentenced in May 2010 to natural life and concurrent 7.5 and 10.5-year prison terms.  This court affirmed the convictions and sentences on appeal.  *State v. Braxton*, 1 CA-CR 10-0468 (Ariz. App. Jul. 26, 2011) (mem. decision).  The mandate on the appeal was issued on September 22, 2011.

¶3        Braxton commenced a timely proceeding for post-conviction relief.  After appointed counsel notified the superior court that counsel found no colorable claims to raise, Braxton filed a pro se petition for post-conviction relief, alleging a claim of ineffective assistance of counsel.  The superior court struck the petition as non-compliant and directed Braxton to file a compliant petition within 30 days.  The court later dismissed the proceeding at Braxton's request in September 2012.  Mistakenly understanding that the mandate on Braxton's convictions had not yet issued, the court dismissed Braxton's proceeding "without prejudice so that the defendant may re-file it at the conclusion of his direct appeal."

¶4        In September 2015, Braxton commenced a second proceeding for post-conviction relief by filing a petition in which he raised three claims of ineffective assistance of counsel.  The superior court summarily dismissed the petition, finding that Braxton was precluded from raising the claims in the untimely proceeding.  The court also ruled in the alternative that even if the claims were not time-barred, Braxton failed to present a colorable claim for relief.  This petition for review followed.

¶5        Braxton asks this court to reverse the summary dismissal of his petition and remand for an evidentiary hearing on his claims of ineffective assistance of counsel, but he does not address the superior

court's finding of preclusion. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). We may affirm the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

**¶6** To be timely, a proceeding for post-conviction relief must be commenced within 90 days of entry of judgment and sentencing or within 30 days after the issuance of the mandate on a direct appeal. Ariz. R. Crim. P. 32.4(a). Braxton filed the petition for post-conviction relief at issue four years after the issuance of the mandate on his direct appeal. An untimely petition "may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.*; *see also State v. Shrum*, 220 Ariz. 115, 118, ¶ 13 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in untimely or successive petitions). Claims of ineffective assistance of counsel do not fall within Rule 32.1(d), (e), (f), (g) or (h) because they are "cognizable under Rule 32.1(a)." *State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (noting claims of ineffectiveness of counsel and violations of other constitutional rights fall under Rule 32.1(a)). Accordingly, the superior court did not err in ruling that Braxton was precluded from raising the claims of ineffective assistance of counsel in his untimely petition for post-conviction relief.

**¶7** For the foregoing reasons, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA