NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CHARLES PARHAM, *Petitioner.*

No. 1 CA-CR 16-0872 PRPC
FILED 4-12-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2014-000713-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Charles Parham, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge James B. Morse Jr. joined.

**S W A N N,** Judge:

¶1        Charles Parham petitions for review from the dismissal of his petition for post-conviction relief, under Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the following reasons, grant review but deny relief.

¶2        Parham pled guilty to one count of burglary; one count of child molestation, a dangerous crime against children; and one count of attempted sexual conduct with a minor, also a dangerous crime against children.  On March 4, 2016, the court sentenced Parham to 5 years' probation on count one, 15 years' incarceration on count two and lifetime probation with sexual offender terms on count three.  At sentencing, Parham signed a "Notice of Rights of Review After Conviction and Procedure."

¶3        On June 13, 2016, Parham filed a notice of post-conviction Relief.  The superior court dismissed the notice as untimely.  Parham filed a motion for reconsideration, alleging that he had no legal training, no access to a law library, and that he could not get copies made in a timely manner.  The state filed a response with an attachment showing that Parham had not given his notice to prison officials for mailing until June 9, 2016, seven days past the deadline for filing.[1]  Parham filed a reply stating that he could not file a timely notice in compliance with the "rules of the court" because he had to "sneak around" to consult with a "jailhouse lawyer."  The superior court denied Parham's motion.  On December 16, 2016, Parham filed the underlying petition for review.

¶4        Absent an abuse of discretion or error of law, we will not disturb the superior court's ruling in a post-conviction relief proceeding. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).  On review, Parham bears the burden of establishing error. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).  A notice of post-conviction relief in a Rule 32 "of-right" proceeding must be filed within 90 days after the entry of judgment or sentence.  Ariz. R. Crim. P. 32.4(a)(2)(C).  A notice of post-conviction relief may be summarily dismissed as untimely if not filed within 90 days. *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999).

---

[1]        "[A] *pro se* prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court." *Mayer v. State*, 184 Ariz. 242, 245 (App. 1995).

¶5　　　　When a defendant seeks to present issues in an untimely post-conviction relief proceeding, the defendant must set forth those issues in the notice of post-conviction relief and present "meritorious reasons" that substantiate the claims. *State v. Petty*, 225 Ariz. 369, 371, ¶ 4 (App. 2010). The notice must also explain why the defendant did not raise those issues in a timely manner. Ariz. R. Crim. P. 32.2(b). If the notice fails to meet the standard, "the court may summarily dismiss the notice." *Id*.

¶6　　　　The superior court did not abuse its discretion when it dismissed Parham's notice without appointing counsel, because he failed to present any meritorious reasons as to why his notice was not filed within the timeline required. He has not alleged any claims under Ariz. R. Crim. P. 32.1(d), (e), (f), (g) or (h). Parham was given written notice of the procedure for filing a notice of post-conviction relief and the timelines. The fact that he is untrained in the law does not excuse his failure to file his notice, nor does the lack of a prison law library, as neither of those are required to file a timely, compliant notice of post-conviction relief. His inability to access a "jailhouse lawyer" more expediently is equally unavailing.

¶7　　　　We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA