NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL WAYNE JORDAN, *Petitioner*.

No. 1 CA-CR 19-0428 PRPC

FILED 4-21-2020

Petition for Review from the Superior Court in Maricopa County
No. CR1999-003546
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Michael Wayne Jordan, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge David B. Gass delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**　　　　Michael Wayne Jordan (Jordan) petitions this court for review from the dismissal of his untimely request for post-conviction relief (PCR) under Arizona Rule of Criminal Procedure 32.[1] This is Jordan's fifth, successive petition.

**¶2**　　　　In May 2000, Jordan was convicted of first-degree murder and sentenced to a natural life term of imprisonment. This Court affirmed his conviction and sentence in *State v. Jordan*, 1 CA-CR 00-0608 (Ariz. Ct. App. Sept. 18, 2001). In May 2019, Jordan untimely petitioned for PCR arguing ineffective assistance of counsel and the existence of facts establishing his innocence. The superior court summarily denied his petition for failing to comply with Rule 32.2. Jordan moved for reconsideration, arguing his counsel was ineffective for several reasons. The superior court denied his motion.

**¶3**　　　　Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for PCR. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Jordan bears the burden to show the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). This court reviewed the record, the superior court's order denying the petition for PCR, and the petition for review. Jordan's petition fails to establish an abuse of discretion.

**¶4**　　　　First, Jordan's ineffective assistance of counsel claim is precluded because he raised the claim in previous Rule 32 petitions. *See* Ariz. R. Crim. P. 32.2(a)(3). Additionally, ineffective assistance of PCR

---

[1] New rules governing post-conviction relief went into effect January 1, 2020. *See* Ariz. S. Ct. Order No. R-19-0012 (Aug. 29, 2019). Because Jordan's petition was filed and decided by the superior court before January 1, 2020, this court cites to the rule then in effect.

counsel is not a cognizable claim for relief under Rule 32. *State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010).

**¶5**       Second, Jordan did not establish his factual innocence. A defendant is entitled to relief if he "demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(h). Jordan did not identify any facts in his PCR notice demonstrating his innocence. Instead, he merely asserted "[e]vidence withheld from the jury that proves actual innocence factually of 1st degree premeditated murder."

**¶6**       For the foregoing reasons, Jordan has failed to establish the superior court abused its discretion. Accordingly, this court grants review and denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3