NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JACOB RYAN STRYKER, *Petitioner.*

No. 1 CA-CR 24-0202 PRPC

FILED 07-31-2025

Petition for Review from the Superior Court in Yavapai County
No. P1300CR202000738, P1300CR202000740
The Honorable Debra R. Phelan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Respondent*

Jacob Ryan Stryker, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

---

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Michael J. Brown and Judge Paul J. McMurdie joined.

---

**F O S T E R**, Judge:

**¶1** Petitioner Jacob Stryker seeks review of the superior court's dismissal of his first petition for post-conviction relief ("PCR") for lack of timeliness. For the following reasons, this Court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

**¶2** Stryker pled guilty to four counts of surreptitious photographing, videotaping, filming or digitally recording per domestic violence; one count of attempted sexual exploitation of a minor per dangerous crime against children; and one count of fraudulent schemes and artifices. In March 2021, the court sentenced him to 1.5 years' imprisonment for each of the four charges of surreptitious photographing, videotaping, filming or digital recording, with 278 days of presentence incarceration credit, to be served consecutively. Stryker was also sentenced to 7 years' imprisonment for the attempted sexual exploitation charge, again to be served consecutively to the other sentences. The sentences for these five counts totaled 13 years. The court also sentenced Stryker to 7 years' supervised probation with sex offender terms for the fraudulent schemes and artifice charge.

**¶3** Over two-and-a-half years later, in November 2023, Stryker filed his notice of PCR, which the court dismissed as untimely because he did not provide any good cause for the delay. Stryker then filed a motion for reconsideration, which the court denied.

**¶4** Stryker then filed a notice of intent to file a petition for review along with a request for an extension of time to file the petition. The superior court took no action, and Stryker filed his petition with this Court. This Court initially dismissed his petition for review as untimely. But the superior court granted Stryker an extension to file, and this Court reinstated

his petition. This Court has jurisdiction pursuant to A.R.S. § 13-4239(C) and Arizona Rule of Criminal Procedure ("Rule") 33.16(a).

## DISCUSSION

**¶5**         Stryker raises five issues on review. First, he argues the court imposed an illegal sentence by including sex offender terms and conditions during his probation for fraudulent schemes and artifices. Second, he alleges the court imposed an illegal sentence based on inapplicable aggravating factors. Third, he challenges the court's failure to consider a sexual offender psychological evaluation at sentencing. Fourth, he argues he suffered from ineffective assistance of counsel ("IAC") when counsel failed to object to the illegal probation terms and to raise the psychological evaluation. Fifth, Stryker argues the court denied him due process by dismissing his PCR notice as untimely. This Court "review[s] a trial court's denial of post-conviction relief for abuse of discretion" and will affirm the "decision if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015) (citations omitted).

**¶6**         This Court first considers the timeliness issue. Arizona imposes deadlines for filing PCR notices. Ariz. R. Crim. P. 33.4(b)(3). Petitioners "must file the notice for a claim under Rule 33.1(a) within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). Stryker's IAC claim falls under Rule 33.1(a). *See State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010) (IAC claim pursuant to Rule 32.1(a)); Ariz. Sup. Ct. Ord. R-19-0012 (Aug. 29, 2019) (abrogating former Rule 32 and adopting current Rules 32 and 33); *see also* Ariz. R. Crim. P. 33.1(a) (grounds for relief for convictions or sentences obtained "in violation of the United States or Arizona Constitutions"). For his other claims, Stryker had to file "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). However, the court must excuse an untimely notice for good cause. Ariz. R. Crim. P. 33.4(b)(3)(D).

**¶7**         Here, Stryker argues the court failed to consider the reasons for his delay in filing his PCR notice. However, the court discussed Stryker's reasons in its ruling, including that Stryker began his incarceration at "the height of the global [COVID-19] pandemic" and that the prisons underwent lockdown. The court admitted that it "c[ould] understand how [those] limitations . . . might have impacted [Stryker's] ability to accomplish some tasks." But it "[wa]s hard-pressed to accept [Stryker's] contention that [he] could not file . . . earlier than two and a half years." The court conceded that it "could excuse a few months' delay, but not years."

¶8        Stryker implicitly argues that he did not discover the basis of his non-IAC claims until two months before filing his notice when the prison went "off of state-wide lockdown" and he "was able to seek capable assistance, [to] organize his available documents, and to conduct a substantive legal assessment via the Law Library." He claims that this two-month period was a reasonable time to file his notice. But unlike a petition for PCR, which requires "a memorandum [ ] contain[ing] citations to relevant portions of the record and relevant legal authorities," the initial notice requesting PCR only requires notice that the PCR claims exist. *Compare* Ariz. R. Crim. P. 33.4(b)(2), *and* 41, Form 24(b), *with* Ariz. R. Crim. P. 33.7(b), *and* 41, Form 25. Here, Stryker knew the factual bases for his claims at the time of sentencing: (1) the court-imposed sex offender conditions on his probation for fraudulent schemes and artifices, (2) the aggravating factors applied by the court and (3) the lack of reference to the sexual offender psychological evaluation.

¶9        The court did not abuse its discretion by finding Stryker's two-and-a-half-year delay after sentencing unreasonable under the circumstances and, thus, his PCR notice untimely. *See State v. Reed*, 252 Ariz. 236, 239, ¶ 11 (App. 2021) (the court did not err in dismissing defendant's PCR notice filed two years after sentencing and when defendant failed to show good cause for delay).

¶10        Additionally, Stryker's argument as to imposition of sex offender terms fails because, by operation of law, his conviction for attempted sexual exploitation of a minor requires sex offender registration under A.R.S. §§ 13-3821 to -3829. Also, regarding Stryker's initial prison term, he stipulated to a 13-year maximum prison term as part of his plea agreement.

## CONCLUSION

¶11        For the reasons above, this Court grants review but denies relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

4